IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

February 25, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

LLOYD D. SCARLETT and ) CUMBERLAND COUNTY
LLOYD L. SCARLETT ) 03A01-9806-CH-00201
)
    Plaintiffs-Appellants )
)
) HON. VERNON NEAL,
    v. ) CHANCELLOR
)
)
FRANKLIN HENRY and JIM OAKES )
and wife DOROTHY OAKES )
)
    Defendants-Appellees ) AFFIRMED AND REMANDED


JOHN D. AGEE OF KINGSTON FOR APPELLANTS

STEVEN C. DOUGLAS OF CROSSVILLE FOR APPELLEE FRANKLIN HENRY

LARRY M. WARNER OF CROSSVILLE FOR APPELLEES JIM OAKES and DOROTHY
OAKES


O P I N I O N


Goddard, P.J.


       This is a suit by Lloyd D. Scarlett and his father

Lloyd L. Scarlett, whose wife Shirley Scarlett was made a party

plaintiff at the beginning of the trial, against Franklin Henry

and Jim Oakes and his wife Dorothy Oakes. The Plaintiffs seek a

declaration that they are entitled to use a 50-foot right-of-way[1] adjoining Lloyd D.'s[2] property and ending at the property line of Lloyd L. (See appendix A.)

The Plaintiffs also seek a determination as to the true boundary lines between their properties and those of the Defendants.

The boundary line questions have been resolved, either by stipulation or by the Chancellor's determination below, and are not the subject of this appeal.

The Chancellor found the following provision contained in a deed conveying property from the Oakeses to Lloyd L. and his wife was intended to apply to the 50-foot right-of-way in dispute, rather than another right-of-way to the northwest thereof, as insisted by Lloyd L.:

> The grantees herein join in the execution of this
> instrument to waive, quit-claim and relinquish any
> right, title, claim or interest which they may have to
> a road right-of-way which was formerly created along
> the Southern boundary of the property herein described.

Our review of the record persuades us that the evidence does not preponderate against the findings of the Chancellor as

---

[1]     Mr. Henry and Mr. Oakes purported to divide the 50-foot right-of-way down the middle by executing quit claim deeds whereby they acquired 25 feet of the right-of-way that adjoined their property.

[2]     Our use of the first names of the parties should not be construed as any disrespect, but rather is for ease of reference.

to Lloyd L.'s relinquishment of his interest in the right-of-way. Indeed, the proof is overwhelming that there was only one right-of-way.

The Chancellor further found that Lloyd D. was not entitled to the use of the right-of-way adjacent to his property--a portion of lot two and lot three of a subdivision, plat for which was never recorded in the Register of Deeds office nor made a part of the record in this appeal. Although, as already noted, Lloyd D.'s property adjoins the right-of-way, the deed conveying the property to him does not grant him a right-of-way, nor does the description as to his property mention the right-of-way from which a right of use might under some circumstances be inferred.

The Chancellor recognized that his finding that Lloyd D. was not entitled to use of the right-of-way resulted in Lloyd D.'s property being landlocked, except for the fact that he received the property from his father, Lloyd L., who had an option to purchase it from Mr. Henry. The deed from Mr. Henry was made, although inadvertently according to Mr. Henry, directly to Lloyd D. The Chancellor reasoned that in effect, although no such instruments were prepared nor signed, the option was assigned from Lloyd L. to Lloyd D., and that by virtue of this, Lloyd D. would have an easement by necessity across his father's adjoining property which does have access to a public road.

3

While we agree with the Chancellor that Lloyd D. has no interest in the right-of-way, it is arguable that an easement of necessity did not arise because the property was never vested in Lloyd L. If it is indeed true that the property must have vested in Lloyd L. and he must have conveyed the property to Lloyd D. before such an easement arises, Lloyd D. is not without recourse because it is also arguable that he would have an easement by necessity over the 25-foot strip which Mr. Henry acquired.

Militating against a finding of an easement by necessity arising by virtue of the deed from Mr. Henry, we note that Mr. Henry was convinced the property he was conveying was to Lloyd L. rather than to Lloyd D. Perhaps the reason for Mr. Henry's insistence that the property was to be conveyed to Lloyd L. was because he recognized an easement of necessity might arise should he convey the property to Lloyd D. In any event, he felt so strongly regarding the matter that he had prepared and recorded a deed of correction to show that Lloyd L. rather than Lloyd D. was the grantee.[3]

However the resolution of an easement by necessity may be, this point was never raised nor briefed in this Court, and we decline on the record before us to make a judgment regarding which, if either, easement by necessity arose.

---

[3] This deed of correction was properly found to be a nullity by the Chancellor.

4

Before concluding, we note that Section 2 of the Chancellor's final order provided the following:

2.   That in accordance with Exhibit 19 (Stump Survey), the Southwestern line of the Scarlett/Oakes property is south 40 degrees, 04 minutes, 23 seconds East a distance of 160 feet to a nail.

Our review of Exhibit 19 (Appendix B) discloses the distance of this line to be 165 feet, rather than 160 feet as stated in the final order.

For the foregoing reasons the judgment of the Chancellor is affirmed and the cause remanded for collection of costs below.  Cost of appeal are adjudged against the Plaintiffs and their surety.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.